648



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 16, 1939

Honorable J. F. Bryan
County Attorney
Brazoria County
Angleton, Texas

Dear Mr. Bryan:

Opinion Number O-763
Re: May a road district issue
time warrants to be secured
by the credit of the road
district and not as an obli-
gation of Brazoria County?

We are in receipt of your letter of May 4,
in which you request our opinion on the above stated ques-
tion.

The facts, as stated in your letter, are
substantially as follows:

Road District Number 26 of Brazoria County
desires to raise approximately $10,000 to construct some
roads in their district and to build approaches to a bridge
that is now being constructed across the Brazos River, and
for which they propose issuing time warrants.

Section 52, Article 3, Constitution of Texas,
provides, in part - "That under legislative provision any
county, any political subdivision of a county, any number
of adjoining counties or any political subdivision of the
State or any defined district, now or hereafter to be de-
scribed or defined within the State of Texas and which may
or may not include towns, villages or municipal corporations,
upon a vote of a two-thirds majority of the resident property



Honorable J. F. Bryan, May 16, 1939, page #2

taxpayers voting thereon who are qualified electors of
said district or territory to be affected thereby, in
addition to all other debts may issue bonds or otherwise
lend its credit in any amount not to exceed one-fourth of
the assessed valuation of the real property of such dis-
trict or territory and levy and collect such taxes to pay
the interest thereon and provide a sinking fund for the
redemption thereof as the Legislature may authorize and
in such manner as it may authorize the same for the follow-
ing purposes, to-wit: Section (c) The construction, main-
tenance and operation of macadamized, graveled or paved
roads and turnpikes, or in aid thereof."

In the opinion of this department the phrase
"may issue bonds or otherwise lend its credit in any amount
not to exceed one-fourth of the assessed valuation of the
real property of such district" is sufficient authorization
for the issuance of the time warrants proposed. However,
their issuance must be submitted to a vote of the people and
sustained by a two-thirds majority of the resident property
taxpayers voting thereon, and likewise at such time a suffi-
cient levy shall be made and collected to pay the interest
thereon and provide a proper sinking fund for the redemption
of the warrants.

We do not think that the article intended to
limit or prescribe the form of the evidence of such indebted-
ness, but did expressly intend to prescribe the manner of
creating the debt.

Article 752a, et seq., were enacted by the
Legislature pursuant to the authority conferred by Section
52, Article 3, for the purpose of detailing the legal steps
to be taken in the creation of a debt for such purposes
enumerated therein.

Therefore, you are advised that in our opinion
Road District Number 26 of Brazoria County may issue time

Honorable J. P. Bryan, May 16, 1939, page #3

warrants for the purposes named but the issuance of same must be strictly in accordance with the Constitution and laws of the State of Texas. The pertinent laws are named above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~Clarence E. Crowe~
Clarence E. Crowe
Assistant

CEC-s

APPROVED:

~Gerald C. Mann~
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN